FIRST CHRISTIAN CHURCH OF BEATRICE, NEBRASKA, APPELLANT, V. CITY OF BEATRICE, APPELLEE.

FILED FEBRUARY 20, 1894. No. 6602.

Taxation: PROPERTY OF RELIGIOUS SOCIETIES: EXEMPTION. The exemption by section 2, article 1, chapter 77, Compiled Statutes, of "property which may be used exclusively for religious purposes" does not extend to property owned by a religious society separate and distinct from that on which is situated its church edifice, the mere intention in the future to erect such an edifice on said property not so occupied, and the accumulation of the present rents arising therefrom for that purpose, not being sufficient to bring the property within the purview of the statute referred to.

APPEAL from the district court of Gage county. Heard below before BUSH, J.

J. E. Cobbey, for appellant, cited: Omaha Medical College v. Rush, 22 Neb., 449; Von Steen v. City of Beatrice, 36 Neb., 421; House of Refuge v. Smith, 21 Atl. Rep. [Pa.], 353; State v. Fisk University, 87 Tenn., 233; Northwestern University v. People, 99 U. S., 309; State v. Collector of Chatham, 52 N. J. Law, 373; State v. Silverthorn, 52 N. J. Law, 73; Tulane Education Fund v. Board of Assessors, 38 La. Ann., 292; New Orleans Female Orphan Asylum v. Houston, 37 La. Ann., 68; City of Philadelphia v. Pennsylvania Hospital for the Insane, 154 Pa. St., 9; State v. Powers, 10 Mo. App., 263; North St. Louis Gymnastic Society v. Hudson, 85 Mo., 32; Mt. Hermon Boys' School v. Town of Gill, 13 N. E. Rep. [Mass.], 354; Willard v. Pike, 59

Vt., 202; *Trustees of Wesleyan Academy v. Inhabitants of Wilbraham*, 99 Mass., 599; *Young Men's Christian Association v. City of New York*, 44 Hun [N. Y.], 102; *Hebrew Free School Association v. Mayor of City of New York*, 4 Hun [N. Y.], 446; *Shaarai Berocho v. Mayor of City of New York*, 18 N. Y. Supp., 792; *Vestry of St. Philip's Church v. City Council of Charleston*, McMul. Eq. [S. Car.], 144.

*E. O. Kretsinger, contra,* cited: *Gibbons v. District of Columbia*, 116 U. S., 404; *Morris v. Lone Star Chapter No. 6, Royal Arch Masons*, 5 S. W. Rep. [Tex.], 519; *Third Congregational Society v. City of Springfield*, 18 N. E. Rep. [Mass.], 68; *Congregation Kal Israel Auschi Poland v. City of New York*, 1 N. Y. Supp., 35; *Massenbury v. Grand Lodge F. & A. M. of Georgia*, 7 S. E. Rep. [Ga.], 636; *People v. Collison*, 6 N. Y. Supp., 711; *People v. O'Brien*, 6 N. Y. Supp., 862 ; *Young Men's Christian Association v. Mayor of City of New York*, 21 N. E. Rep. [N. Y.], 86 ; *Ramsey County v. Church of the Good Shepherd*, 47 N. W. Rep. [Minn.], 783; *People v. Ryan*, 27 N. E. Rep. [Ill.], 1095 ; *Ottawa University v. Board of County Com'rs of Franklin County*, 29 Pac. Rep. [Kan.], 599; *City of Kansas v. Kansas City Medical College*, 20 S. W. Rep. [Mo.], 35; *St. Edward's College v. Morris*, 17 S. W. Rep. [Tex.], 512; *Mulroy v. Churchman*, 52 Ia., 238; *Mulroy v. Churchman*, 60 Ia., 717; *Kendrick v. Farquhar*, 8 O., 189; *Trustees of Methodist Episcopal Church v. Ellis*, 38 Ind., 3; *Fort Des Moines Lodge No. 25, I. O. O. F., v. Polk County*, 56 Ia., 34; *Green Bay & M. Canal Co. v. Outagamie County*, 45 N. W. Rep. [Wis.], 536; *Brodie v. Fitzgerald*, 22 S. W. Rep. [Ark.], 29; *City of New Orleans v. St. Patrick's Hall Ass'n*, 28 La., 512; *Northwestern University v. People*, 80 Ill., 333; *First M. E. Church v. City of Chicago*, 26 Ill., 482; *Pierce v. Inhabitants of Cambridge*, 2 Cush. [Mass.], 612; *Boston Society of Redemptorist*

32

*Fathers v. City of Boston,* 129 Mass., 178; *Washburn College
v. Commissioners of Shawnee County,* 8 Kan., 344; *Wyman
v. City of St. Louis,* 17 Mo., 336; *Trustees of the Methodist
Episcopal Church v. Ellis,* 38 Ind., 3; *State v. Ross,* 4 Zab.
[N. J. L.], 497; *County Commissioners of Frederick County
v. Sisters of Charity of St. Joseph,* 48 Md., 43; *Ramsey
County v. Macalester College,* 53 N. W. Rep. [Minn.], 704.

RYAN, C.

The appellant in this case appeared before the city coun-
cil of the appellee, sitting as a board of equalization, and
asked that certain real property assessed as the property of
appellant be stricken from the assessment roll. This re-
quest was denied, and therefrom an unsuccessful appeal was
taken to the district court of Gage county, from which the
church appeals to this court. The case was submitted and
determined in said district court upon the following stipu-
lation of facts:

"It is hereby stipulated and agreed by and between the
parties hereto that the plaintiff and defendant are incorpo-
rated as alleged in petition; that the plaintiff, the First
Christian Church, owned in Beatrice at the corner of Sixth
and Ella streets the land upon which stood their house of
worship, and that the said plat of ground was used exclu-
sively for church purposes, and was not assessed or valued
for taxation; that said property was sold to the United
States government, and the proceeds thereof, after the pay-
ment of the incumbrance thereon and the debts of said
church, were invested in the property in question in this
suit, lots four, five, and six, in Freeman's subdivision, upon
which were and still are standing two dwelling houses and
a small barn; that no other money went into the purchase
price of said property; that the official board of plaintiff,
by resolution, about the time of the purchase and more than
a year prior to this date, decided that all funds arising from
the rentals of said property be, and the same were, set apart,

and since have been kept in a separate fund for the purpose of erecting and building on said lots a house of worship or church building; that while said fund is accumulating, said church society are temporarily holding religious and other services in another place, and not on the lots in question, there being no suitable room or building on said lots, so assessed, in which to hold their meetings; that said property was placed on the assessment roll, and that the board of equalization of said defendant refused to strike the same therefrom on plaintiff's motion.

"It is further stipulated that the said church society now hold in fee at the corner of Seventh and Ella streets, in the city of Beatrice, a piece of real estate 100 feet wide and 140 feet deep, on which is situated a parsonage for the home of the minister of said society; and a large church house also stands upon said real estate, which is now, and has for more than two years last past been, used for all purposes by said society as a place of worship, and where religious services of all kinds have been held by said society; that the lots so taxed and in dispute are entirely disconnected from the lots or real estate on which the parsonage and church house of the said society are now situated, and 460 feet therefrom in another block in said city; and that the church property now used by said society is worth not less than $5,000, and the lots so taxed are worth not less than $2,500; and that the lots taxed have never been used for religious purposes, and at no time have religious services been held there.

> "J. E. COBBEY,
> "*Attorney for Plaintiff.*
> "E. O. KRETSINGER,
> "*Attorney for the City of Beatrice.*"

The right of exemption from taxation is claimed by the appellant under the provisions of section 2, article 9, constitution of Nebraska, supplemented by section 2, article 1, chapter 77, Compiled Statutes. That part of the section of

the constitution referred to which has application to this case is as follows: "The property of the state, counties, and municipal corporations, both real and personal, shall be exempt from taxation, and such other property as may be used exclusively for * * * religious * * * purposes may be exempted from taxation, but such exemptions shall be only by general law." Section 2, article 1, chapter 77, Compiled Statutes, provides that such property as may be used exclusively for religious and other specified purposes shall be exempt from taxation. This exemption extends to property, personal as well as real, though that under consideration falls within the latter class. The stipulation shows that the appellant owns real property upon which is situate its church edifice, which property and edifice is of the value of $5,000. Separate and quite a distance from this property it owns other lots, including buildings, which it rents, of the aggregate value of $2,500. It is insisted that the fact that this religious society has duly resolved that it will erect a church building upon the real property last above referred to at some indefinite time in the future, and that meantime the rents arising from leasing said last named property in its present condition to that purpose, makes the said property such as is used exclusively for religious purposes. It might be that these rents would be exempt under the provisions of the constitution and the statute to which allusion has been made, for it might be contended with much plausibility that the money derived from rents is property to be used exclusively for religious purposes. After the rent has been collected it is as property very distinct from the realty out of which it arose, and evidence of an intention to devote rents to a religious purpose has not even a tendency to show the nature of the use of the real property from which the rents have been derived. Let us suppose, merely by way of illustration, that one of the lessees of this real property should erect a building thereon for use as a saloon. Would it be contended that

the property was, after the saloon was in operation, used exclusively for religious purposes merely because of appellant's intention to make such use of the rents issuing from, the thus improved property? This question would meet with a prompt and unequivocal negative, and such negative would be a complete answer to the contention made on behalf of the appellant. Authorities have been freely cited by both appellant and appellee, but as the cases decided depend very much upon distinct statutory provisions, we have thought best to confine attention to our own constitution and statute on the subject under discussion. The judgment of the district court is

AFFIRMED.