ACADEMY OF THE SACRED HEART, APPELLEE, v. H. B.
IREY, COUNTY TREASURER, APPELLANT.

51  755
59  573

51  755|
60  644|

FILED JUNE 3, 1897.  No. 7310.

Taxation: SCHOOL PROPERTY: EXEMPTION. Under section 2, article 1,
chapter 77, Compiled Statutes, all property used directly, immedi-
ately, and exclusively for school purposes is exempt from taxation.

APPEAL from the district court of Douglas county.
Heard below before FERGUSON, J.  Affirmed.

J. L. Kaley and A. C. Troup, for appellant.

Mahoney & Smyth, contra.

NORVAL, J.

This action was brought by the Academy of the Sacred
Heart against H. B. Irey, the treasurer of Douglas county,
to enjoin the collection of alleged illegal taxes levied upon
plaintiff's property.  The county treasurer appeals from
the decree rendered against him.

Plaintiff is a corporation organized in 1882 for educa-
tional purposes, under and in pursuance of the provisions
of sections 15 to 18, inclusive, of chapter 16 of the Com-
piled Statutes of this state.  In the same year the lots
described in the petition were donated and conveyed to
plaintiff for the purpose of establishing a school for the
education of girls and young ladies in the higher
branches, and the corporation ever since has been the
owner of the premises.  Shortly after acquiring the prop-
erty, plaintiff erected a five-story building on a portion
of the lots, at a cost of over $100,000, and the same has
hitherto been used solely for school purposes.  The lots
are all included in a single enclosure, and have been by
plaintiff improved and beautified by the planting out
thereon of several hundred trees and shrubs, by flower
beds and the making of driveways and walks, artistically
laid out.  A portion of the lots have been used by plaint-

iff as a vegetable garden, which has supplied the tables for the officers, teachers, students, and others connected with the school. No portion of the premises has been held for speculation, but the entire tract has been devoted to the purposes for which it was originally intended. The lots upon which the school building proper is located were not assessed, but the remainder were taxed for all purposes. The trial court held the entire property exempt from taxation, and the correctness of this decision is the question presented for judicial investigation.

Section 2, article 9, of the constitution provides: "The property of the state, counties, and municipal corporations, both real and personal, shall be exempt from taxation, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery, and charitable purposes, may be exempted from taxation, but such exemption shall be only from general law." In 1879, the legislature, in the mode above indicated, enacted that there should be exempted from taxation in this state, *inter alia*, such property as may be used exclusively for educational purposes. The language is as comprehensive as it is possible to use. The legislature has, in pursuance of the power conferred upon it by the constitution, exempted from the burdens of taxation property used exclusively for the purposes of education. The test applied by this court in *First Christian Church of Beatrice v. City of Beatrice*, 39 Neb., 432, was whether the property is used directly, immediately, and exclusively for one of the purposes enumerated in the statute creating the exemptions, in which case it was ruled that lots owned by a religious society, but not used for religious purposes, and entirely separate and distinct from that on which its church edifice is situated, are not exempt from taxation, notwithstanding it was the intention of the society in the future to build a church edifice on said property not so occupied. The doctrine of that case is not only sound, but it is supported by the decisions of the courts of last resort of many of the sister states.

It is the exclusive use of the property which determines its exempt character.   If it is devoted exclusively to educational purposes, it is not liable to taxation, unless such use is not direct, but remote.   If property is used only partially for the purposes of education, exemption from the burdens of taxation cannot be claimed.   The sole constitutional and statutory requirement to create the exemption is that the property shall be devoted exclusively for school or some other specified exempt purpose, which condition the proofs in this case disclose has been fulfilled, and the property in question was illegally assessed and taxed.   (*Omaha Medical College v. Rush*, 22 Neb., 449; *Warde v. Manchester*, 56 N. H., 508; *State v. Fisk University*, 10 S. W. Rep. [Tenn.], 284; *Red v. Morris, Tax Collector*, 10 S. W. Rep. [Tex.], 681; *Monticello Seminary v. People*, 106 Ill., 398; *State v. Ross*, 4 Zabr. [N. J.], 497; *Trustees of Wesleyan Academy v. Inhabitants of Wilbraham*, 99 Mass., 599; *Massachusetts General Hospital v. Inhabitants of Somerville*, 101 Mass., 319; *Detroit Home and Day School v. City of Detroit*, 76 Mich., 521; *Trustees of Griswold College v. State*, 46 Ia., 275; *Mulroy v. Churchman*, 52 Ia., 238; *St. Mary's College v. Crowl*, 10 Kan., 442; *Hennepin County v. Brotherhood of the Church of Gethsemane*, 27 Minn., 460; *Ramsey County v. Macalester College*, 53 N. W. Rep. [Minn.], 704; *Cassiano v. Ursuline Academy*, 64 Tex., 673; *State v. Collector of Chatham*, 20 Atl. Rep. [N. J.], 292.)   It is true a portion of the lots has been each year used as a vegetable garden, but that did not, under the authorities cited above, make the property any the less exempt, since the products of the garden were used to supply the school tables with vegetables, no part being sold.   During the entire existence of the academy, vegetables from the garden, not exceeding in value $50, have been exchanged for groceries for the use of the institution.   That alone does not subject the property to taxation.   The entire property being within the exemption clause of the statute, the decree will be

AFFIRMED,