CENTRAL UNION CONFERENCE ASSOCIATION OF COLLEGE VIEW, APPELLEE, v. LANCASTER COUNTY ET AL., APPELLANTS.

FILED OCTOBER 4, 1922.   No. 21284.

Taxation: EXEMPTIONS: COLLEGES. Farm and dairy property used by Union College for school purposes *held* not subject to taxation within the meaning of the constitutional and statutory provisions re-

lating to exemptions.  Const. 1875, art. IX, sec. 2; Rev. St. 1913, sec. 6301.

APPEAL from the district court for Lancaster county: LEONARD A. FLANSBURG, JUDGE.  *Affirmed.*

*Charles E. Matson, Harry R. Ankeny* and *Max G. Towle,* for appellants.

*John J. Ledwith, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, ALDRICH and DAY, JJ.

ROSE, J.

The right of plaintiff to exemption from taxation is the question presented by the record in this case.

Plaintiff, the Central Union Conference Association, is an organization of Seventh Day Adventists and is engaged in religious and school work.  Union College, situated in the village of College View, Lancaster county, Nebraska, is part of the association and is a corporation holding title to the college grounds, buildings, equipment, farm lands and dairy property used in connection with the educational institution.  The county board of equalization subjected the farm lands and dairy property to taxation.  Upon appeal to the district court the levy was set aside on the ground that the assessed property was used exclusively for school and educational purposes.  The county has appealed.

The constitutional provisions relating to exemptions from taxation when the levy was made are as follows:

"The property of the state, counties, and municipal corporations, both real and personal, shall be exempt from taxation, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery, and charitable purposes, may be exempted from taxation, but such exemptions shall be only by general law."  Const. 1875, art. IX, sec. 2.

Property used exclusively for schools was exempted by statute.  Rev. St. 1913, sec. 6301.  Under these provisions

of the law the use of the property is the test of exemption.

It is argued that the farm and the dairy are not used exclusively for school or educational purposes and that therefore the property assessed is not exempt from taxation. Agriculture and dairying are subjects of instruction at Union College. The milch cows are fed on products of the farm. The dairy, if considered by itself, seems to be a source of profit. On this premise the argument against exemption is principally based. The farm and the dairy are forms of property used in carrying out a purpose of the school and are as useful for educational purposes as the equipment in class rooms. Some of the products from the dairy are used in other departments. The proceeds from the sale of milk and cream go into the general treasury of Union College from which all disbursements are made. Products of the dairy, therefore, inure to the benefit of the school as a whole and any profit therefrom is a mere incident of the general purpose for which school property is used. Outside of school purposes no one receives any pecuniary profit from the use to which the farm and dairy property is put. The better rule, one sanctioned by precedent, is that the property in controversy is used exclusively for school purposes within the meaning of the constitutional and statutory provisions relating to exemptions. This is the view taken by the trial court.

AFFIRMED.