House of the Good Shepherd v. Board of Equalization.

HOUSE OF THE GOOD SHEPHERD, APPELLEE, V. BOARD OF EQUALIZATION OF DOUGLAS COUNTY, APPELLANT.

FILED MAY 1, 1925.     No. 24555.

1. **Taxation:** EXEMPTIONS. Under section 5821, Comp. St. 1922, a laundry property is exempt from taxation, where it is owned

and used by a religious, educational and charitable institution in carrying on its educational and charitable work, and where the income from the laundry is used for the support of the institution and its inmates, and no financial gain or profit inures to the owner.

2. ———: ———. Under the facts set out in the opinion, *held*, that the laundry property of the House of the Good Shepherd is used exclusively for educational, religious and charitable purposes, and is not used for the financial gain or profit of the owner or user.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Affirmed.*

*W. W. Slabaugh* and *Henry J. Beal,* for appellant.

*Crofoot, Fraser, Connolly & Stryker, contra.*

Heard before ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

GOOD, J.

The board of equalization of Douglas county appeals from a judgment of the district court for that county, holding exempt from taxation a laundry property, owned and operated by the House of the Good Shepherd, appellee herein.

Appellee is a corporation organized by members of the religious and charitable order of the Good Shepherd. As stated in its articles of incorporation the object of the corporation is "to reform fallen women, to afford protection to other females whose circumstances in life might endanger their virtue, to surround such females with virtuous influences, and accustom them to habits of industry and self-respect." The corporation has no capital stock, and no dividends have ever been distributed to its members; nor do they receive any salary or other financial recompense for their charitable and humanitarian labor. The corporation has acquired title to a tract of ground, a little more than a city block in extent, in the city of Omaha, on which it has erected a number of buildings, including a chapel, buildings for housing, caring for

and educating the inmates of the institution, and teaching them habits of industry. Connected with one of these buildings is a modern laundry, equipped for doing general laundry work. It is this laundry, and the lots on which it is located, that appellant seeks to hold subject to taxation.

There are nearly 300 inmates in the House of the Good Shepherd, ranging in age from 2½ to 95 years, but the great majority of them are girls between the ages of 14 and 20 years. Religious services are held daily, and a school is maintained for the education of the younger inmates. Most of the girls are subnormal in intellect and in need of moral training and the acquisition of habits of industry, so that when they leave the institution they may be fitted to earn a living and become useful members of society. Because of their limited ability, there is open to them but a limited line of employment. Among these are sewing and laundry work. Therefore, to provide them suitable employment, the institution owns and operates a laundry and teaches the girls to do laundry work and sewing, and thereby accustom them to habits of industry and fit them to become self-supporting members of society.

In the operation of the laundry, a considerable revenue is received from hotels, restaurants and others for whom laundry work is done. This work comes in competition with commercial laundries of the city of Omaha. The entire revenue derived from sewing and laundry work is used for the support of the institution and its inmates. About 10 per cent. of the inmates pay something for their maintenance, care and training, while about 90 per cent. of them pay nothing, except as revenue is derived from their labor.

Appellant insists that the trial court erred in holding that the laundry and lots on which it is located are owned and used exclusively for religious, charitable and educational purposes, and not for profit.

Section 5820, Comp. St. 1922, provides: "All property in this state, not expressly exempt therefrom, shall be subject to taxation." Section 5821, Comp. St. 1922, enacted pursuant to the provisions of section 2, art. VIII of the

Constitution of this state, provides: "The following property shall be exempt from taxes: * * * Property owned and used exclusively for educational, religious, charitable or cemetery purposes, when such property is not owned or used for financial gain or profit to either the owner or user."

Appellant argues, first, that the facts established in this case do not show that appellee's laundry property is used exclusively for educational, religious or charitable purposes; and, second, that the evidence shows that the property is used as a separate commercial enterprise for profit or gain, and the fact that the income therefrom is used for educational or charitable purposes does not render the property from which such income is derived exempt from taxation.

The rule is settled in this jurisdiction that statutes, exempting property from taxation, should be strictly construed. *Young Men's Christian Ass'n v. Douglas County,* 60 Neb. 642; *Watson v. Cowles,* 61 Neb. 216. Under the law of this state, the use of the property is the criterion by which to determine whether it is or is not exempt from taxation. *Young Men's Christian Ass'n v. Lancaster County,* 106 Neb. 105. Property of a religious, educational or charitable institution which is leased to others and used as a commercial enterprise is not exempt from taxation, even though the income from such property is devoted to educational, religious or charitable purposes. The test is the use of the property itself, and whether it may be fairly and reasonably said to be used for such purposes. It was held in *First Christian Church v. City of Beatrice,* 39 Neb. 432, that property owned by a religious society, separate and distinct from that on which its church edifice stood, and which was rented to others, was not exempt from taxation; and in *Young Men's Christian Ass'n v. Lancaster County, supra,* where certain floor space in a building, owned by a charitable organization, was leased to outside parties for the operation of a cafeteria, opened to and patronized by the general public as well as the membership, rentals being applied for the purposes of the organization, it was held that the portion of the building so leased was

not exempt from taxation, although the maintenance of the cafeteria therein was not only financially helpful to the organization, but promoted its charitable purposes by attracting people to the building. To the same effect are *Young Men's Christian Ass'n v. Douglas County, supra; Sisters of Peace v. Westervelt,* 64 N. J. Law, 510, affirmed in 65 N. J. Law, 685.

Keeping in view the principles thus announced, we will proceed to examine the facts disclosed by the record. That appellee is an educational, religious and charitable organization is established beyond question. Its main purpose is to care for and rehabilitate fallen women and to educate and train a class of girls who, but for such care, would become moral delinquents and a charge upon society at large. It is necessary that such girls should be educated, should become accustomed to habits of industry and trained in some occupation that will make them useful citizens, and also receive moral training. To provide for this class of girls, appellee has established an institution and erected a laundry in which the girls are employed, and where they are taught an occupation and trained to become useful citizens and accustomed to habits of industry. Under such circumstances, we think the laundry may be fairly said to be used exclusively for educational and charitable purposes. It is necessary to give these girls training in industry. The fact that an income is derived from the laundry work does not militate against the fact that the property is used for the purposes indicated. So long as the income derived does not inure to the benefit of the owners or the users, it does not transgress the statute providing for exemption from taxation.

In *St. Elizabeth Hospital v. Lancaster County,* 109 Neb. 104, it was held that, notwithstanding a charge was made for the greater proportion of the patients cared for at the hospital, it was used exclusively for religious and charitable purposes and was exempt from taxation. And in *Central Union Conference Ass'n v. Lancaster County,* 109 Neb. 106, it was held that a farm and dairy property, used for school

purposes, was not subject to taxation. In that case the farm and dairy property was used in connection with the college for giving instruction in dairying and agriculture, and considerable income was derived from the dairy and applied to the support of the school. We think that the situation in that case is controlling in the case under consideration. The laundry is used as a means of rehabilitating fallen women and teaching habits of industry to girls who might otherwise become a public charge, and the income derived from the laundry does not inure to the financial benefit of the corporation or its members.

After a careful examination of the record, we have reached the same conclusion, as did the trial court, viz., that the laundry property of appellee is used exclusively for educational, religious and charitable purposes, and is not used for the financial gain or profit of the owner or user, and is therefore exempt from taxation.

AFFIRMED.

REDICK, District Judge, dissenting.

I am unable to agree in the majority opinion in this case. Only "property owned and used exclusively for educational, religious, charitable or cemetery purposes, when such property is not owned or used for financial gain or profit to either the owner or user" (Comp. St. 1922, sec. 5821) is exempt from taxation. The appellee is carrying on a commercial business in competition with other persons and corporations subject to tax; the only relation of the laundry business to the admirable philanthropic and charitable purposes of the organization is that it furnishes a useful occupation for the inmates of the home. But the indisputable purpose of carrying on the commercial enterprise in question is to make a profit and thus secure the necessary funds to carry on the philanthropic work and purpose of the institution. It seems to me that the underlying principle of exemptions such as the one in question is the encouragement of benevolence and the sentiment of brotherly love toward the unfortunate, misguided and needy, and the major benefit derived from the cultivation of these senti-

ments is lost when philanthropic institutions are placed upon a purely commercial basis. No doubt the aims and purposes of the appellee are of the highest and noblest character and the results of their work of incalculable social and humanitarian value, but to exempt from taxation a competitive commercial business for the sole reason that the entire profits therefrom are devoted to charitable and benevolent purposes, it seems to me, is most unjust and not within the intention of the makers of the Constitution or the laws enacted in pursuance thereof. As was well said by Dean, J. in *Sunday School Union v. City of Philadelphia,* 161 Pa. St. 307, 314:

"Every dollar the society expends is some charitable contributor's gains or profits from some business not charitable; if such contributor devoted the whole of his profits from the sale of drygoods, groceries or books to promote this particular charity, that fact would not make the source of such profit a purely public charity. And if, as the master has found, the society was compelled to put a part of its operations on a basis that was self-supporting, by starting a book-store to sell books only of a high moral character, and standard publications, that is trade. That the entire profits of this branch of the business are devoted to the purpose of the charity, no more changes its business nature than if, instead of a book-store, the society had established and carried on a shoe-store. It might have operated a farm or rolling mill with the same end in view, to put the society, as the master aptly says, on a basis that was self-supporting; but the end would not have exempted the business from taxation."

So here, appellee might have established a knitting mill or a cotton factory. What chance of exemption from taxation would it stand in Massachusetts or Alabama? To permit appellee to carry on the laundry business free of taxes in competition with others who pay their full share of the cost of government, in effect, levies a forced contribution for the support of the institution and indirectly commits the administration of a part of the public revenues to non-

officials; it would seem that appellee's competitors have made their full contribution to the public weal as regards this charity, when they are required to meet the competition which pays no wages other than bed and board.

The only cases in point cited in the briefs are in their reasoning against the position of appellee: *Young Men's Christian Ass'n v. Keene,* 70 N. H. 223; *Young Men's Christian Ass'n v. Douglas County,* 60 Neb. 642; *Young Men's Christian Ass'n v. Lancaster County,* 106 Neb. 105; *Sisters of Peace v. Westervelt,* 64 N. J. Law, 510. See, also, *Sunday School Union v. City of Philadelphia, supra.*

The case of *St. Elizabeth Hospital v. Lancaster County,* 109 Neb. 104, is not in point for the reason that the profits there arise out of the carrying on of the particular work for which the charity was organized; if the hospital should install in one of its buildings a general drug-store for the purpose of making a profit on the sale of drugs to its patients and the public, to secure funds for the maintenance of the institution, then we would have a case analogous to the one at bar. In *Lutheran Hospital Ass'n v. Baker,* 40 S. Dak. 226, the statute exempted all property belonging to any charitable society or used exclusively for charitable purposes, and the case announces the same principle as in the *St. Elizabeth* case. In *Central Union Conference Ass'n v. Lancaster County,* 109 Neb. 106, the maintenance of a farm and dairy by an agricultural college were held proper activities and the fact that a profit was made by the dairy department and used exclusively for the purposes of the college did not subject that department to taxation. The principle there announced has no application here; while one of the purposes of the institution is said to be the inculcation of habits of industry, it is in no sense an institute of technology—the purpose is not to fit the girls to enter the service of laundries; if so, a course of a few weeks would suffice. No, the *purpose* is to carry on a profitable business for the support of the institution—this is trade, and it should bear its share of the burden of taxation. In *Dakota Wesleyan University v. Betts,* 47 S. Dak. 618, the nature of

the property or its use does not appear but the exemption was sustained upon the authority of a number of cases cited holding the rectory of a church, or houses occupied by professors of colleges, exempt. The case of *Trinidad v. Sagrada Orden,* 263 U. S. 578, is not in point as it involved only the taxability of the *income* of an educational institution, not the property from which the income was derived; and the court remarked that the exception in the law "says nothing about the source of the income, but makes the destination the ultimate test of exemption." If appellee owned a business block the rentals from which were used exclusively for charity, such rentals would be exempt, but would the real estate be exempt?

The exemption of our statute extends only to property *exclusively* used for the purposes mentioned, and from which no financial profit inures to the owner. Under all our decisions the part of the premises used for conducting a competitive business is not exclusively used for charitable, etc., purposes. *Young Men's Christian Ass'n v. Douglas County,* 60 Neb. 642; *Young Men's Christian Ass'n v. Lancaster County,* 106 Neb. 105. But even if that point is conceded, how fares it with the second requirement? How can it be said that no "financial profit inures to the owner" from the conduct of the laundry business? The fact that such profits are used by appellee for a charitable purpose does not change their character as financial profits, any more than in the case of a private individual—they are still profits to the owner.

The judgment should be reversed.