LARIAT BOYS RANCH, A CORPORATION, APPELLANT AND CROSS-APPELLEE, V. BOARD OF EQUALIZATION OF THE COUNTY OF LOGAN ET AL., APPELLEES AND CROSS-APPELLANTS.

147 N. W. 2d 515

Filed December 29, 1966. No. 36358.

Crosby, Pansing, Guenzel & Binning and Theodore L. Kessner, for appellant.

Robert E. Roeder, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and POLLOCK, District Judge.

SPENCER, J.

This is an appeal from the decision of the county board of Logan County, Nebraska, sitting as a board of equalization, which denied the application of tax ex-

emption to 1,000 acres of land owned by the plaintiff corporation, Lariat Boys Ranch. The district court determined that Lariat Boys Ranch qualified as an educational institution, and granted tax exemption for 200 acres of the land. An appeal was perfected to this court.

The appellant, Lariat Boys Ranch, is a nonprofit corporation located in Logan County, Nebraska, organized to equip, maintain, and conduct a ranch home for indigent and wayward boys under 21 years of age, and to support and educate said boys at said ranch home in an attempt to prepare them to live useful lives. It receives its boys from county welfare departments, juvenile courts, social agencies, and directly from parents. The appellant, which has cared for 62 boys from its organization in April 1956, to the date of trial, maintains a facility with a present capacity of 18 boys. There were 17 in residence at the time of the hearing in the district court.

Appellant owns 1,000 acres of ordinary sandhills grazing land in Logan County which it received as a gift from its director and organizer for the purposes of the corporation. It operates this 1,000 acres, together with 1,600 acres of contiguous rented land, as a ranch. The ranch is operated on a cottage type living arrangement, with six boys living in a home unit with a married couple who serve as their house parents. The corporation operates an approved elementary school with two full-time teachers who live on the ranch. The ranch staff consists of three sets of house parents, the two teachers, the manager, and his wife. The three house fathers assist in the operation of the ranch.

The program for the boys in residence at Lariat Boys Ranch is planned as nearly as possible to approximate ranch living. The boys live together in groups of six as a family unit with foster parents. They perform household and ranch chores, and participate in ranching and farming operations. Each boy has the use of a horse, 20 of which are maintained for their benefit. The

testimony is undisputed that only two horses would be needed for ranch purposes and the remainder are maintained for the use of the boys.

The 1,000 acres are located in three different sections, but constitute one contiguous unit. All but eight acres, which are used as cropland, are in grass. The buildings on the premises have been constructed specifically for the purposes of the corporation. In addition to the buildings now present, there are on the premises steel beams for a gymnasium to be constructed in the future. The improvements occupy seven acres. The buildings are grouped on a five-acre tract. Another two acres, located approximately three-fourths of a mile from the buildings, are used for corral purposes.

The remainder of the 1,000 acres, except for 8 acres of cropland, is used to graze livestock. The corporation owns cattle, most of which were donated by interested persons, although some had been purchased. At the time of the trial there were included second, third, and fourth generation cattle, propagated from those which had been donated. The corporation as of September 30, 1965, owned 396 cattle and 27 horses and ponies.

In addition to the 1,000 acres, the corporation operates 1,600 acres of leased land, much of which is devoted to farming although some is used as grazing land. There was testimony that some of the income of the corporation was derived from pasturing cattle, but the testimony as to how much, if any, of the 1,000 acres was used for this purpose is not evident from the record.

It is the position of appellant that ranch living is the vital part of its rehabilitation program, and that the entire 1,000 acres are not only needed by it for the purposes of the corporation, but that the entire tract is used solely for educational and charitable purposes.

The various exhibits indicate that the ranch is operated at a loss, although the director and his wife have waived their salaries and the rent on the 1,600 acres of leased land has been deferred. While the placement

agencies sending boys to the ranch make contributions to their expenses, the undisputed testimony is that 80 percent of the funds of the appellant come from voluntary contributions which include cash, horses, cattle, and foodstuffs.

It is the position of appellees, who have cross-appealed, that tax exemption herein should be restricted to the five acres upon which the school building and the homes used to house the boys are located. Appellees argue that except for the five acres, the ranch is used for income purposes. Appellees apparently rely on Nebraska Conf. Assn. Seventh Day Adventists v. Board of Equalization, 179 Neb. 326, 138 N. W. 2d 455, in which we denied tax exempt status to 93 acres which were shown to have been purchased for the purpose of increasing the income for the Platte Valley Academy and not for the primary purpose of providing additional educational facilities for the school. That case is readily distinguishable from this one. There the applicant already had sufficient farm land for any educational purpose associated with its operation.

The trial court determined that appellant qualified as an educational institution. Appellees do not dispute this finding but premise their argument on the theory that appellant does not need more than five acres to operate as an educational institution. Appellees have missed the point. Their premise is too limited. They entirely disregard the charitable nature of the corporation. We determine that the record amply justifies the conclusion that Lariat Boys Ranch qualified as a corporation operating exclusively as an educational *and* charitable institution. The educational facilities are only a part of the total operation. The primary objective of the corporation is much broader than maintaining a school building and living facilities. Ranch life envisions area activities associated with ranch life. Appellees concede that part of the land is used as a playground and the balance is used to graze livestock which we

would believe to be necessary for a ranch operation. The record further indicates that the boys to some degree do ranch chores and help with the ranch and farming operations.

We have consistently held that it is the primary or dominant use of property which determines its exempt character. It is the use of property, as distinguished from the use of income from property, that is the governing consideration as to whether it is exempt from taxation. See, Doane College v. County of Saline, 173 Neb. 8, 112 N. W. 2d 248; Lincoln Woman's Club v. City of Lincoln, 178 Neb. 357, 133 N. W. 2d 455.

Appellant corporation is organized to operate a ranch home for indigent and wayward boys. This is its primary or dominant purpose. What constitutes a ranch home? Certainly more than the five acres used for educational facilities, as contended by appellees. The trial court decided that 200 acres were needed. We assume from the record that this is premised upon the testimony that 10 acres were needed to maintain each horse and that approximately 20 horses are reasonably needed for the work and recreation activities of the boys. It would seem to us that a ranch operation of this type needs not only horses but livestock, and that both require grazing land. How much livestock and how much pasture is not subject to any precise answer. There are too many variables involved. The test must be one of reasonableness, and each case must be decided on its own specific facts.

Appellant's operation began with the gift of 1,000 acres of sandhill grazing land. The corporate name, Lariat Boys Ranch, Inc., suggests its objective. There can be little doubt but that the corporate organizers felt that the 1,000 acres in question were reasonably needed by and were also sufficient for the purposes of the corporation. While the entire tract is ample for the present operation and that which is contemplated for the immediate future, we do not believe it to be excessive.

We therefore determine that the entire 1,000 acres are used for educational and charitable purposes within the ambit of section 77-202, R. R. S. 1943, and should be removed from the tax rolls.

The trial court granted exemption for 200 acres. We modify this judgment to grant exemption to the entire tract of 1,000 acres, and direct that it be removed from the tax rolls. The cause is remanded for the entry of a judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.