UNION COLLEGE, A CORPORATION, APPELLANT, V. BOARD OF EQUALIZATION OF THE COUNTY OF LANCASTER, NEBRASKA, ET AL., APPELLEES.

162 N. W. 2d 772

Filed November 22, 1968. Nos. 36931, 36932, 36933, 36934.

Christensen, Glynn & Hendricks, for appellant.

Paul L. Douglas and Floyd A. Sterns, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and HUBKA and GARROTTO, District Judges.

BOSLAUGH, J.

These cases involve the question of whether real property owned by Union College is exempt from taxation. The trial court held the property to be not exempt and Union College has appealed. The cases have been consolidated in this court for briefing, hearing, and decision upon the stipulation of the parties.

Union College is a nonprofit, liberal arts college operated by the Seventh-Day Adventist Church at Lincoln, Nebraska. It has been in operation for 75 years and has an enrollment of approximately 1,100 students.

The evidence shows that approximately 80 percent of the students at Union College have some part-time employment. Although Union College does not require that its students be employed, the students are encouraged to engage in work while enrolled at the college. It is a part of the philosophy of the college that each student should: "* * * 'gain a proper regard for the dignity of labor and participate in character building work experiences.' The college believes that a joint study and work effort will help accomplish this objec-

tive." Employment also furnishes financial assistance for many students.

About 10 percent of the students at Union College have off-campus employment. Of the 70 percent which have work on the campus, about 30 percent work in 5 industries operated by the college. These are known as the Bookbindery, Broom and Mop Works, Furniture Manufacturers, Press, and Laundry. The college claims that the property used for the operation of these industries should be exempt.

The industries are not operated to provide vocational education as such. The students receive no scholastic credit for the work which they perform, but their work is rated and a record is kept of that information.

The students who are employed in the industries receive a normal wage which is credited to the student's account at the central office. The industries also employ nonstudent labor and salesmen. The managers of the industries are members of the faculty but do not teach any subjects at this time.

During the 10-year period ending in 1965 the industries had total sales of more than $9,250,000 of which about 4 percent represented intracampus sales. During this same period the industries produced a net operating gain of approximately $256,000, but some $816,000 was reinvested in the industries.

The Legislature has exempted: "Property owned and used exclusively for educational, religious, charitable, or cemetery purposes, when such property is not owned or used for financial gain or profit to either the owner or user." § 77-202 (1) (c), R. R. S. 1943. The question in these cases is whether the property used in the operation of the industries is "used exclusively for educational * * * purposes."

The primary or dominant use, and not an incidental use, is controlling in determining whether property is exempt from taxation. Doane College v. County of Saline, 173 Neb. 8, 112 N. W. 2d 248. A use which is not

direct, but remote, will not qualify for exemption.

In Nebraska Conf. Assn. Seventh Day Adventists v. Board of Equalization, 179 Neb. 326, 138 N. W. 2d 455, this court said: "The use of land to increase the income to a school, or for the sole purpose of providing compensable work for students, is an incidental use of property that does not bring it within the terms of the Constitution and statutes providing for exemption from taxation as property owned and used exclusively for educational, religious, charitable, or cemetery purposes, even though such property is not used for private financial gain or profit." See, also, Hilger v. Harding College, 231 Ark. 686, 331 S. W. 2d 851.

The evidence in these cases establishes that the industries are operated and maintained primarily for the purpose of providing student employment. This purpose, although laudable, is an incidental and not direct use of property for educational purposes.

The judgment of the district court in each case holding the property to be not exempt is correct and is affirmed.

AFFIRMED.

SMITH, J., concurring in result.

The majority opinion contrasts with opinions that have exempted these properties: A laundry training inmates of an institution and producing considerable revenue in competition with wholly commercial laundries. A nursing home of a society sometimes charging more than cost in competition with homes operating for private profit. One thousand acres of land owned by a boys ranch that also had 1,600 acres of rented land, 27 horses and ponies, 396 head of cattle, and housing for only 18 boys. The headquarters building, except the caretaker's apartment, of a woman's club. A Scottish Rite Temple. House of the Good Shepherd v. Board of Equalization, 113 Neb. 489, 203 N. W. 632; Evangelical Lutheran Good Samaritan Soc. v. County of Gage, 181 Neb. 831, 151 N. W. 2d 446; Lariat Boys Ranch v. Board of Equaliza-

tion, 181 Neb. 198, 147 N. W. 2d 515; Lincoln Woman's Club v. City of Lincoln, 178 Neb. 357, 133 N. W. 2d 455; Ancient & Accepted Scottish Rite v. Board of County Commissioners, 122 Neb. 586, 241 N. W. 93, 81 A. L. R. 1166.

The alternative here ought to be either reversal based on stare decisis or affirmance based on disapproval of the above cases. The latter which I now think preferable would slow the alarming increase of such indirect subsidies. The court, however, chooses not only to deny these claims of Union College but also tacitly to approve the previous cases. I therefore vote against the majority opinion but for the result. See, generally, Newcomer, "The Growth of Property Tax Exemptions," 6 Nat. Tax J. 116; Abel, "Public and Public Welfare Property Tax Exemption in West Virginia," 55 W. Va. L. Rev. 171; Comment, 44 Yale L. J. 1075; Notes, 64 Harv. L. Rev. 288, 21 Tul. L. Rev. 147.