337 N.W.2d 103 (1983)
215 Neb. 1
UNITED WAY OF THE MIDLANDS, Appellee,
v.
DOUGLAS COUNTY BOARD OF EQUALIZATION, Douglas County, Nebraska, Appellant.
No. 81-766.
Supreme Court of Nebraska.
July 29, 1983.
*104 Donald L. Knowles, Douglas County Atty., and Rockford G. Meyer, Deputy County Atty., Omaha, for appellant.
Norman H. Wright of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., Omaha, for appellee.
KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, and HASTINGS, JJ., and MORAN, District Judge.
MORAN, District Judge.
The Douglas County Board of Equalization appeals the District Court's decree determining that real estate owned by United Way of the Midlands was exempt from taxation for the year 1979. We affirm.
At trial the facts were stipulated. The pertinent portions of the stipulation are: United Way is a nonprofit, charitable organization as defined by the laws of Nebraska and the United States. It owns real estate in Omaha known as the A.C. Nelson *105 Center for Community Services. United Way acquired the property with donated funds subject to certain terms and conditions, including one condition that prohibits the building from being used for commercial purposes. The building contains approximately 27,704 square feet of space. In 1978 United Way leased 5,256 square feet of space in separate leases to Omaha Council of Campfire Girls and Greater Omaha Community Action. These organizations are recognized as nonprofit, charitable organizations under the laws of Nebraska and the United States. The lease rental was $3 a square foot which was about one-half the fair market rental value for similarly constructed and situated properties. The lease obligated United Way to provide air conditioning, heat, water, janitor and elevator service, and repainting for the leased space. Gross rental income in 1978 was $20,008. The cost of services United Way was obligated to furnish for the leased space was $11,600. United Way occupied and used 14,948 square feet of space for its charitable purposes. It had 6,258 square feet of vacant space which it held for lease to charitable or nonprofit agencies as required by a condition of the grant. The remaining 1,250 square feet was common area.
The board of equalization determined that the space United Way used for its charitable purposes was exempt from taxation and that the portions of the property attributable to the leased space and the vacant space were subject to real property taxation as recommended by the county assessor. The parties did not dispute the exemption of the common area. The District Court decreed that all the property was exempt from taxation.
Neb. Const. art. VIII, § 2, states in pertinent part: "The Legislature by general law may exempt ... property owned and used exclusively for educational, religious, charitable, or cemetery purposes, when such property is not owned or used for financial gain or profit to either the owner or user."
In Neb.Rev.Stat. § 77-202 (Reissue 1976) the Legislature by general law declared such property exempt from taxation, using the precise language found in the Constitution.
Statutes exempting property from taxation are to be strictly construed, and the burden of proving the right to exemption is upon the claimant. Lincoln Woman's Club v. City of Lincoln, 178 Neb. 357, 133 N.W.2d 455 (1965). This does not mean that there should not be a liberal construction of the language used in order to carry out the expressed intention of the fundamental lawmakers and the Legislature, but, rather, that the property which is claimed to be exempt must come clearly within the provisions granting such exemption. Y.M.C.A. of Omaha v. Douglas County, 60 Neb. 642, 83 N.W. 924 (1900).
The policy in providing for tax exemptions for charitable uses is based on the principles that tax exemptions benefit the public generally and the organization performs services which the state is relieved pro tanto from performing. 84 C.J.S. Taxation § 215 (1954). See, also, Y.M.C.A. of Omaha v. Douglas County, supra.
We first deal with the legitimacy of an exemption for the space leased to charitable organizations.
Appellant attempts to dispose of the issue by contending that since United Way received income from the property, it is "used for financial gain or profit to either the owner or the user" and therefore fails to meet the constitutional and statutory requirements for exemption from taxation. Brief of Appellant at 10.
It is true that in this case the difference between rentals received and cost of services furnished by United Way was $8,408. However, this does not alone disqualify the space from the exemption. See House of the Good Shepherd v. Board of Equalization, 113 Neb. 489, 203 N.W. 632 (1925).
Neb.Rev.Stat. §§ 21-1901 et seq. (Reissue 1977) make up the Nebraska Nonprofit Corporation Act. Section 21-1901(3) defines a not-for-profit corporation as a "corporation no part of the income of which is distributable to its members, directors or officers." As a Nebraska nonprofit corporation, *106 United Way is burdened by that restriction on the distribution of its income, and there is no evidence that it has violated the statute in that respect. In City of McAllen v. Ev. Luth. Good Sam. Soc., 530 S.W.2d 806 (Tex.1975), the court said that the proscription against an institution's realization of "gain or profit" refers to gain or profit by private individuals or the accrual of distributable profits.
In Doane College v. County of Saline, 173 Neb. 8, 112 N.W.2d 248 (1961), the college rented college-owned faculty housing to faculty members at fair market rental rates. The college credited income from rentals after expenses to the endowment fund. This court denied exemption from property tax, having determined that the faculty housing was not exclusively used for educational purposes. However, we said that the evidence established that the faculty housing units were not owned or used for financial gain or profit to either the owner or user.
From the foregoing we deduce the rule to be that property is not used for financial gain or profit to either the owner or user if no part of the income from the property is distributed to the owner's or user's members, directors, or officers, or to private individuals. Applying the rule to the evidence in this case, it is clear that there was no financial gain or profit to either the owner or users of the leased space.
Was the leased space owned and used exclusively for charitable purposes? While we have said that it is the exclusive use of property that determines its exempt status, Nebraska Conf. Assn. Seventh Day Adventists v. Bd. of Equalization, 179 Neb. 326, 138 N.W.2d 455 (1965), the Constitution and statute also require that the property be owned for an exempt purpose. In our examination of the Constitution and the statute, we find no requirement that the ownership and use must be by the same entity. In fact, reference to "either the owner or user" in the last part of the sentence of the constitutional provision quoted indicates to us that ownership and use may be by separate entities.
In Sisters of Charity, etc. v. County of Bernalillo, 93 N.M. 42, 596 P.2d 255 (1979), the owner of the property, a charitable organization, leased a portion of its property to a wholly owned subsidiary which was also a charitable organization with the same purposes. The court granted exemption from taxes under those circumstances. The court said: "The recent trend in the United States is consistent with our holding. The notion that ownership and operation of the subject property must coincide in a single legal entity in order for property to qualify for a charitable exemption has been rejected in recent years in a number of other jurisdictions." (Citations omitted.) Id. at 45, 596 P.2d at 258.
Ownership by United Way, a charitable organization, is undisputed; therefore, the ownership test is met.
We have two "uses" in this case: the lessee charitable organizations' use of the leased space and United Way's use of the leased space for income. The exclusive use of the space for charitable purposes by Omaha Council of Campfire Girls and Greater Omaha Community Action is not questioned. The real issue is whether United Way's "use" of the leased space by leasing it to charitable corporations at substantially less than fair market rental rates is an exclusive use of that space for charitable purposes by United Way.
There are no Nebraska cases on point. Leases of space for business purposes have resulted in a denial of exemption in such cases as Y.M.C.A. of Omaha v. Douglas County, 60 Neb. 642, 83 N.W. 924 (1900), and Young Men's Christian Ass'n v. Lancaster County, 106 Neb. 105, 182 N.W. 593 (1921). However, this court has also held inferentially that charges to teachers of a percentage of their salaries as rent for houses they occupied on or near school grounds did not defeat an exemption from taxes, because the property was used for school purposes. Nebraska Conf. Assn. Seventh Day Adventists v. Bd. of Equalization, *107 supra. We determined in that case the dominant use of the houses was educational, because faculty members were required to live in their assigned residences and they used them for student meetings and counseling.
We conclude that the rental agreed to by the parties in this case shows the use of the property was not for a business purpose but, rather, for a charitable use. The result of the leases was financial assistance to the charitable organizations, which aided them in the performance of their charitable activities.
Exclusive use of property for exempt purposes is required, and it has been established in this case. That the use is by different entities is of no consequence.
The final question is whether the vacant space held for lease has exempt status.
In First Christian Church of Beatrice v. City of Beatrice, 39 Neb. 432, 58 N.W. 166 (1894), we held that property leased commercially while funds were being accumulated for the construction of a church edifice did not qualify for tax exemption. We said that an intention to use property in the future for an exempt purpose is not a use of the property for religious purposes. This case is still the law on the facts presented. In the case before us, a condition of United Way's grant prohibits the use of the building for commercial purposes. The grant also requires United Way to lease space only to charitable or nonprofit organizations. The facts here are similar to the not unusual situation of unused rooms in a charitable hospital or in the dormitory of an educational institution. Oftentimes a qualified organization acquires or maintains building space in reasonable anticipation of full occupancy for an exempt purpose but cannot do so because of economic conditions or other legitimate reasons.
Here, the dominant use of the building as a whole is for charitable purposes. That, coupled with the conditions of the grant under which it is held, makes United Way's use of the vacant space exclusively for charitable purposes.
While there are no cases on point, our holding is consistent with Lincoln Woman's Club v. City of Lincoln, 178 Neb. 357, 133 N.W.2d 455 (1965), where we allowed an exemption although a building was not used for exempt purposes full time. See, also, Academy of the Sacred Heart v. Irey, 51 Neb. 755, 71 N.W. 752 (1897).
AFFIRMED.