751 N.W.2d 604 (2008)
275 Neb. 999
ST. MONICA'S, Appellant,
v.
LANCASTER COUNTY BOARD OF EQUALIZATION, Appellee.
No. S-07-1031.
Supreme Court of Nebraska.
June 27, 2008.
*605 William E. Peters, of Peters & Chunka, P.C., L.L.O., Lincoln, for appellant.
Gary Lacey, Lancaster County Attorney, Michael E. Thew, and Ryan M. Mick, Senior Certified Law Student, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

INTRODUCTION
The Tax Equalization and Review Commission (TERC) upheld the decision of the Lancaster County Board of Equalization (the Board) denying application for property tax exemption filed by St. Monica's. We affirm.

FACTS
St. Monica's provides substance abuse and mental health treatment for women on a charitable basis. St. Monica's is a Nebraska nonprofit corporation that holds a 501(c)(3) exemption designation from the Internal Revenue Service as a religious charitable organization.
On March 15, 2005, St. Monica's purchased real property located in Lincoln, Nebraska, to convert into a short-term residential therapeutic community, an outpatient facility, and administrative offices. On March 28, an application for a property tax exemption was filed. On or about May 5, St. Monica's was notified that the Lancaster County assessor's office had recommended denial of the application. A hearing before the Board regarding the application was scheduled for May 24.
After St. Monica's received the notification, but before the Board's hearing, a representative of the organization contacted the county assessor's office. During that conversation, the representative was informed that the basis for the recommendation was that St. Monica's was not yet using the subject property for exempt purposes; however, once building permits were issued, the county assessor would consider the property to be devoted to an exempt use. The representative from St. Monica's was notified that the organization could reapply for the exemption by August 1, 2005, for the 2005 tax year.
*606 Following the hearing on May 24, 2005, and based upon the county assessor's recommendation, the Board voted to deny St. Monica's the exemption. St. Monica's applied for the proper building permits on July 21. The property was remodeled, and St. Monica's began occupying it in October. There is nothing in the record that suggests that St. Monica's reapplied at any time for a property tax exemption for the 2005 tax year.
On December 22, 2005, St. Monica's petitioned TERC to reverse the decision of the Board and grant its exemption. Initially, the petition of St. Monica's was dismissed for lack of jurisdiction on December 14, 2006. That dismissal was appealed and docketed with the Court of Appeals on January 12, 2007, as case No. A-07-050.
The parties filed a joint stipulation for summary reversal on May 4, 2007, which was granted by the Court of Appeals on June 7. The petition was then submitted to TERC without a hearing. On September 12, TERC upheld the Board's decision, and St. Monica's appeals.

ASSIGNMENT OF ERROR
On appeal, St. Monica's assigns that TERC erred in denying its application for a property tax exemption.

STANDARD OF REVIEW
[1,2] Decisions rendered by TERC shall be reviewed by the court for errors appearing on the record of the commission.[1] When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[2]
[3] Questions of law arising during appellate review of TERC decisions are reviewed de novo on the record.[3]

ANALYSIS
[4] The sole issue presented by this case is whether TERC erred in upholding the denial of application for property tax exemption filed by St. Monica's.
Neb.Rev.Stat. § 77-202(1) (Reissue 2003) provides that
[t]he following property shall be exempt from property taxes:
....
(d) Property owned by [an] educational, religious, charitable, or cemetery organization[], or any organization for the exclusive benefit of any such educational, religious, charitable, or cemetery organization, and used exclusively for educational, religious, charitable, or cemetery purposes....
The statute thus requires (1) the property be owned by an educational, religious, charitable, or cemetery organization and (2) the property be used exclusively for educational, religious, charitable, or cemetery purposes.[4] And Neb.Rev.Stat. § 77-202.03(3)(a) (Cum.Supp.2006) provides that "the exempt use shall be determined as of the date of application" for exemption.
We turn first to the issue of whether the subject property was being "used exclusively" for an exempt purpose as of the date of application, March 28, 2005.
In its brief, St. Monica's argues that its "intent ... when purchasing the property *607 was to use the property in its charitable work by converting [the property] into a short-term residential therapeutic community, an outpatient facility and administrative offices to provide substance abuse and mental health treatment for women on a charitable basis."[5] St. Monica's does not dispute that the property was not actually being occupied for such a purpose at the time it filed its application.
[5,6] This court has consistently held that the "intention to use property in the future for an exempt purpose is not a use of the property for [exempt] purposes."[6] These historic principles are equally applicable under the current statutory scheme regarding exemptions. Because at most St. Monica's expressed an intent to use the property in an exempt manner in the future, we determine that the conclusion reached below that St. Monica's was not entitled to its requested property tax exemption for the 2005 tax year was not error. We also reject St. Monica's assertion, made at oral argument, that its purchase of the property showed that it had more than intent to use the property for an exempt purpose. The ownership of property is not evidence of use under the statute.[7]
St. Monica's also contends that because it was qualified for the exemption, it was unnecessary for it to reapply by August 1, 2005, in order to obtain such exemption. The basis for this argument is that as of July 21, St. Monica's had obtained the necessary building permits, and in accordance with the county assessor's policy, the subject property was considered to be devoted to an exempt purpose.
We also reject this contention. As is noted above, § 77-202.03(3)(a) requires a property owner seeking an exemption to file for that exemption and further states that "the exempt use shall be determined as of the date of application." The record demonstrates that St. Monica's applied for an exemption on March 28, 2005, at a time when, as demonstrated above, it was not using the property for an exempt purpose. Even assuming that St. Monica's thereafter began to use the property for an exempt purpose, it was required under § 77-202.03 to reapply for the exemption and allow the county assessor and the Board to consider any possible exemption of the property anew.
Because St. Monica's was not using the property for an exempt purpose as of the date of its application, it was not entitled to an exemption. St. Monica's sole assignment of error is without merit.

CONCLUSION
We affirm the denial of application for property tax exemption filed by St. Monica's.
AFFIRMED.
NOTES
[1] Neb.Rev.Stat. § 77-5019(5) (Cum.Supp. 2006); City of York v. York Cty. Bd. of Equal, 266 Neb. 297, 664 N.W.2d 445 (2003).
[2] City of York v. York Cty. Bd. of Equal., supra note 1.
[3] Id.
[4] See Nebraska State Bar Found. v. Lancaster Cty. Bd. of Equal., 237 Neb. 1, 465 N.W.2d 111 (1991).
[5] Brief for appellant at 8.
[6] United Way v. Douglas Co. Bd. of Equal., 215 Neb. 1, 6-7, 337 N.W.2d 103, 107 (1983). See, Y.M.C.A. of Omaha v. Douglas County, 60 Neb. 642, 83 N.W. 924 (1900); Academy of the Sacred Heart v. Irey, 51 Neb. 755, 71 N.W. 752 (1897); First Christian Church of Beatrice v. City of Beatrice, 39 Neb. 432, 58 N.W. 166(1894).
[7] See Y.M.C.A. of Omaha v. Douglas County, supra note 6.