FARM INVESTMENT COMPANY, APPELLANT, V. SCOTTS BLUFF COUNTY, APPELLEE.

FILED NOVEMBER 24, 1933. No. 28682.

*Wright & Wright* and *Dysart & Dysart,* for appellant.

*Rush C. Clarke* and *Robert W. Patterson, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and BEGLEY and HORTH, District Judges.

BEGLEY, District Judge.

This is an action begun by filing an application before the board of county commissioners of Scotts Bluff county for reimbursement for the amount paid on a tax sale certificate and subsequent taxes paid thereunder, for the reason, as alleged, that the title of the property was in the United States and it was not subject to taxation. The county commissioners denied the application and an appeal was taken to the district court. The defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and the plaintiff has appealed.

The principal question involved is whether it is necessary to first attempt to foreclose or to demand a deed on a tax sale certificate before filing a claim with the county board. The tax sale certificate was dated November 20, 1926. The proceeding begun before the county commissioners was filed November 12, 1931, which was within five years after the issuance of the certificate.

The appellant contends that its action was properly brought under the provisions of section 77-2030, Comp. St. 1929, wherein it is provided that when by mistake or wrongful act of the county treasurer or other officer land has been sold on which no tax was due, etc., the county

shall hold the purchaser harmless by paying him the amount of the principal, interest and costs to which he would have been entitled, had the land been rightfully sold.

The appellee contends that, before the appellant could maintain his action before the board of county commissioners, he must comply with the provisions of section 77-2054, Comp. St. 1929, which provides that whenever, for any reason, real estate has been sold for the payment of any tax or special assessment levied by any county, municipality, drainage district or other political subdivision of the state, and it shall thereafter be determined by a court of competent jurisdiction that said sale was void, it shall be the duty of said county, etc., which levied the tax or special assessment to hold said purchaser harmless by paying him the amount of the principal paid by him at the sale, with interest thereon at the rate of 6 per cent. per annum from the date of sale.

In construing these sections it will be noted that section 77-2030 does not require a foreclosure action to be begun on a void tax sale certificate before instituting proceedings before the board of county commissioners for reimbursement, provided the proceedings are begun within five years from the date of the certificate. In the case of *Haarmann Vinegar & Pickle Co. v. Douglas County,* 122 Neb. 643, it was held: "If a tax has been levied that is absolutely void, and has been paid, though voluntarily, the amount thereof may be recovered in an action for that purpose."

Section 77-2054 refers only to proceedings on valid tax sale certificates which shall cease to be valid by reason of having been adjudged invalid by a court of competent jurisdiction before he can call upon the county to hold him harmless.

The appellee has cited the case of *Fuller v. County of Colfax,* 33 Neb. 716, in support of its position. In the *Fuller* case the title to land when taxed was in the United States but was later privately owned and the private

owner enjoined the enforcement of the tax. After years of litigation the tax was held to be void. The holder of the tax sale certificate was not a party to that litigation and did nothing with his certificate until eleven years after its date when he filed his claim with the county board. The court held that the action was barred by the statute of limitations. In the present case the real estate was, and still is, in the name of the United States and the action in this case was begun before the county board within five years, which differentiates it from the *Fuller* case.

In this case it is admitted by the demurrer that the title to the land in question is in the United States and not subject to tax and therefore the tax sale certificate had failed and was void. No proceedings for a valid foreclosure were possible because no service could be had upon the owner of the land and there was no title holder that could be brought into court and the validity of the certificate can only be properly litigated in a proceeding begun before the county board and appealed to the district court as was done in this case as provided by section 26-119, Comp. St. 1929.

The district court therefore erred in sustaining the demurrer and the judgment is reversed and the cause remanded to the district court for further proceedings.

REVERSED.