## NETTIE B. NORRIS, TRUSTEE, v. BURT COUNTY.

FILED OCTOBER 5, 1898. No. 8319.

1. **Tax Sale**: CAVEAT EMPTOR. In the absence of an express statute to the contrary the rule of *caveat emptor* applies to a purchaser at a tax sale.

2. ———: ———: LIABILITY OF COUNTY. The liability of a county to a purchaser for money paid by him to its treasurer for lands sold by the latter at tax sale, there being at the time no valid tax delinquent against the land and for which it is sold, is not a common-law but a statutory one.

3. ———: ———: ———. The rights and liabilities of such purchaser and the county are to be determined by the statutes in force when the void sale occurred.

4. ———: STATUTE. Section 131, chapter 77, Compiled Statutes (Revenue Law 1879), applies only to sales made after it took effect.

5. ———: INDEMNIFICATION OF PURCHASER. A county cannot be compelled to indemnify a purchaser at a void tax sale made prior to June, 1871, unless the sale resulted from the mistake or wrongful act of its treasurer.

ERROR from the district court of Burt county. Tried below before KEYSOR, J. *Affirmed.*

*Edward W. Peterson,* for plaintiff in error.

*W. G. Sears, contra.*

RAGAN, C.

In 1868 certain state and county taxes were levied and assessed upon a tract of land in Burt county. The tax so imposed was void, as the land at the time was not subject to taxation. In 1869 these lands were sold for the non-payment of the taxes levied in 1868. Subsequently the purchaser obtained a treasurer's deed for the lands based on the tax sale made thereof; and it seems that in 1893 a decree of the district court of said county declared such tax deed and the tax upon which it was based void and vacated the tax levy, sale, and deed, as clouds upon the owner's title. Subsequently the purchaser at the tax sale sought reimbursement from Burt county for the money paid by him at the tax-sale purchase and for subsequent taxes paid upon the real estate. The district court denied him relief, and he has brought its judgment here for review.

1. The record presents two questions, one of which is whether, in the absence of an express statute, a county is liable to a purchaser for money paid by him to its treasurer for lands sold by the latter at tax sale, there being at the time no valid tax delinquent against the land for which it was sold. This question we answer in the negative. Whatever may be the rule elsewhere, the doctrine of this court is that the rule of *caveat emptor* applies to a purchaser at a tax sale, except where he is protected by express statute. (*Pennock v. Douglas County,* 39 Neb. 293.)

2. The second question is whether any statute exists which renders the county liable to the purchaser for the money he paid at the tax sale and for subsequent taxes paid by him upon the land. The first legislation in this state upon the subject seems to have been enacted in 1866. Section 75, chapter 46, passed in that year, pro-

vided that "When by mistake or wrongful act of the treasurer land has been sold on which no tax was due at the time, the county is to save the purchaser harmless," etc. This statute was re-enacted in section 71 of an act entitled "An act to provide a system of revenue," which went into effect on February 15, 1869. On June 6, 1871 (see Session Laws 1871, p. 83), the act was amended so as to read as follows: "When by mistake or wrongful act of the treasurer or other officer land has been sold contrary to the provisions of this act, the county is to save the purchaser harmless," etc. This latter provision was amended by the revenue act of 1879, being section 131, chapter 77, Compiled Statutes, and reads as follows: "When by mistake or wrongful act of the treasurer or other officer land has been sold on which no tax was due at the time, * * * the county is to hold the purchaser harmless," etc. It will thus be seen that at the time the plaintiff in error purchased at the void tax sale in 1869 no statute existed which made the county liable to him for the money paid at such void sale unless the sale was the result of a mistake or wrongful act of the treasurer. There is neither pleading nor proof here that this void tax sale resulted from any mistake or wrongful act of the then county treasurer. The rights of the plaintiff in error are to be determined by the law in force defining those rights at the time this void sale occurred. If at that time no statute on the subject had existed, the county would not have been liable to him for the money paid at the void tax sale, even if he had pleaded and proved that the sale resulted from the mistake or wrongful act of the treasurer. It is conceded that there was no tax due on this land at the time the plaintiff in error purchased it; that the sale was the result of the mistake or wrongful act of the county treasurer or of some other officer of the county; and plaintiff in error therefore insists that he is protected by the revenue act of 1879. This is simply saying that that act should be given a retroactive effect. We do not think so. We think the act should be construed as

applying only to sales made after its passage. At the time the void sale occurred the county was not liable to the plaintiff in error for the money he paid thereat. The void tax sale did not result from the mistake or wrongful act of the county treasurer of Burt county. It did result from the mistake or wrongful act of some "other officer" or officers of said county in listing said lands for taxation and in levying and assessing taxes against them. But for these mistakes or wrongful acts of such "other officers" until 1871 no statute existed making the county liable; and neither the statute which went into force on that date, nor the amendment thereof made in 1879, were intended to render counties liable to a purchaser at a void tax sale for the mistakes and wrongful acts of "such other officers" performed prior to the passage of such act. The judgment of the district court is

AFFIRMED.