MASONIC TEMPLE CRAFT, TRUSTEE, APPELLANT, v. BOARD OF EQUALIZATION, LINCOLN COUNTY, APPELLEE.*

FILED JUNE 14, 1935. No. 29418.

*Opinion modified. See p. 827, *post*.

*Hoagland, Carr & Hoagland,* for appellant.

*S. S. Diedrichs, E. H. Evans, Urban Simon* and *C. S. Beck,* contra.

*William H. Wright,* Attorney General, *Edwin Vail, John J. Ledwith* and *Edward C. Fisher,* amici curiæ.

Heard before Goss, C. J., Rose, Good, Eberly, Paine and Carter, JJ., and Ryan, District Judge.

Goss, C. J.

This cause, seeking exemption of real property from taxation, was heard here before, with other causes. *North Platte Lodge, B. P. O. E., v. Board of Equalization,* 125 Neb. 841. The judgment there reviewed was reversed and this cause was remanded for further proceedings in harmony with the opinion of the court, with directions to the district court to permit amendments to the pleadings and to permit the introduction of further competent evidence in support thereof. The opinion suggested a disclosure of the amount, nature and terms of a real estate mortgage on the premises, as well as the terms of an existing lien, so that the exact extent of plaintiff's taxable interest in the property might be fixed.

On a retrial the district court found: (1) That the mortgage against the property in no manner affects the determination of the issues; (2) that plaintiff is a religious, charitable and educational institution and its property, except as hereafter stated, is owned and used for its purposes exclusively; (3) that the two lower floors are rented by plaintiff for commercial purposes, are not exempt from taxation and should be valued for taxation purposes at $25,000; and (4) that the two upper floors are exempt from taxation.

Plaintiff appealed, assigning errors of the court (1) in finding the two lower floors subject to taxation; (2) in

valuing the two floors at "$25,000 when all of the building, worth three times the part leased, was valued at $26,500" (by the board of equalization) ; (3) that such valuation, in such circumstances, is contrary to the evidence and contrary to law.

Defendant cross-appealed. It alleges 12 different errors on the part of the court, some of which will be discussed forthwith because they refer to the pleadings and rulings thereon; (a) that the court overruled defendant's motion to require plaintiff to set forth the part of the building rented and the terms and conditions of the lease, as well as the amount and terms of the mortgage. The answer to this is that the case was tried in large part as if these things had been done. The evidence showed that the two lower floors of the building were rented to Montgomery Ward & Company for $11,550 a year and that no mortgage on the property was assessed for 1931, which is the year involved; (b) that the court overruled defendant's motion to make the lessee a party defendant. It does not appear that the lessee had any interest in the assessment or payment of taxes and it was not necessary to make it a party; (c) that the court erred in refusing to strike the allegations of the petition relative to equalization and comparative values. These allegations seem to have been in the original petition upon which the case was heard here; (d) that the court overruled defendant's demurrer. The petition seems to state a cause of action. No such objection was made to it before. It was not changed on this trial, though the opinion in the case when here before, and the mandate sent to the district court in pursuance to the judgment, authorized amendments to the pleadings. Plaintiff, not having amended its petition on a retrial, took chances on any penalty that might result from its failure to amend.

The assessed valuation of the Masonic property for 1931 was $8,500 for the lot and $26,500 for the building, or a total of $35,000 for both, as shown without dispute in the evidence; this as fixed by the evidence and without allow-

ing any exemptions. The valuation was made in 1930. There was no new valuation made in 1931. There is no record of the assessment of any mortgage on this property in 1931, as the county clerk testified on this trial.

Section 2, art. VIII of the Constitution, provides that the legislature may, by general law, exempt property "owned and used exclusively for educational, religious, charitable or cemetery purposes, when such property is not owned or used for financial gain or profit to either the owner or user."

In section 77-202, Comp. St. 1929, the legislature has provided for exemptions in the exact language quoted in the above paragraph.

The use of property determines whether or not it is entitled to be exempt from taxation. *Young Men's Christian Ass'n v. Lancaster County,* 106 Neb. 105; *House of the Good Shepherd v. Board of Equalization,* 113 Neb. 489; *Central Union Conference Ass'n v. Lancaster County,* 109 Neb. 106; *St. Elizabeth Hospital v. Lancaster County,* 109 Neb. 104.

That part of a building owned by a religious, charitable and educational institution, but leased and used by the tenant for business purposes, is not exempt from taxation. *Young Men's Christian Ass'n of Omaha v. Douglas County,* 60 Neb. 642; *Young Men's Christian Ass'n v. Lancaster County,* 106 Neb. 105. In this last case cited it was said: "No reason appears why the taxing authorities cannot arrive at a just valuation of that portion of the building which is taxable, in its relation to the entire property, and assess the property in that amount."

In the case before us no attempt was made by the board of equalization to make any deductions from the assessed valuation. The trial court cut the assessed valuation from $35,000, on the entire property, to $25,000, not from $26,500 to $25,000, as suggested in the assignment of errors and argument by plaintiff. We are of the opinion that we should take the board of equalization's assessed valuation of the whole property as ascertained from the

evidence, the value of the part of the property leased by plaintiff and not actually used by it, rather than to estimate the value from the cost of the building and other elements upon which much time was spent. This valuation of the entire property cannot be complained of by plaintiff, because it seems reasonable; and the valuation ought not to be objected to by defendant because it deliberately fixed it, probably in comparison with the values it fixed on other property in full contemplation, not only of the need for revenue, but of the financial conditions of the time. The evidence shows the valuation not to be unreasonably excessive when compared with others in the neighborhood.

The evidence shows that no mortgage on plaintiff's property was assessed for the year 1931. Indeed, it shows that no mortgages on any real estate in that county were assessed. It was the practice in all instances to fix the entire tax upon the real estate, with no separation of the taxable interest. This applied to all mortgaged real estate, whether owned and used by one ostensibly capable of claiming exemption or not. Further, the holder and owner of the mortgage on this property, originally for $105,000, was not made a party to this suit. On the whole, we are of the opinion the trial court did not err in holding that the mortgage did not affect the determination of the issues.

The evidence is very lacking to allow a comparison of the rental value of the upper two floors and the lower two floors. Probably because the upper floors were not rented, the evidence did not show their rental values. The effect of the testimony of Howard R. McMichael, the contractor who erected the building, of A. F. Beeler, a ward assessor for the county and for the ward, and of E. W. Cross, who was the building inspector when the building was erected, is that the lower two floors should be valued at $9,275. This is based upon the total assessed value of the building and upon the comparative plainness of the construction of the two lower floors, upon the expensive steel construction for the roof, with arched ceilings, and upon the steel and

other construction for the elevators and stairs not a part of the lower floors.

These opinions as to values of the two floors do not, of course, take into consideration the assessed value of the lot. This seems indisputably to be $8,500. It seems reasonable to attribute half of that value or $4,250 to each of the two floors, as the land was equally necessary to both units. This certainly cannot be objected to by the county as it gets more revenue that way, and we find no evidence and see no equity favoring the owner and calling for a greater percentage of the assessed value of the lot as an exempt item to be considered.

Taking $26,500 as the total assessed valuation of the building and considering the testimony of the witnesses as producing $9,275 as the taxable value of the building; adding to this $4,250, as the taxable value of the lot, makes the total assessed value of the property $13,525. Under the record this seems reasonable and equitable to all parties.

Other questions raised are overruled without express discussion. We expressly state that we do not pass upon the taxability of mortgages upon charitable, religious or educational institutions, because not properly presented here.

The judgment of the district court is reversed, with instructions to modify the judgment so as to direct the entry of the assessable value of plaintiff's interest in its property at $13,525.

REVERSED.