JABE B. GIBSON, APPELLANT, V. DAWES COUNTY ET AL., APPELLEES.

FILED OCTOBER 11, 1935. No. 29332.

R. J. *Shurtleff* and G. T. H. *Babcock*, for appellant.

R. R. *Wellington*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

Plaintiff presented to the county commissioners of Dawes county a claim against the county for a refund of $304.61 paid to the county treasurer for taxes assessed against 320 acres of land. For delinquent taxes levied for the years 1920 and 1921 the county treasurer sold the land to W. C. Foster November 6, 1922, and issued to him a tax sale certificate. The purchaser sold the certificate to Jabe B. Gibson, plaintiff, August 25, 1925. The purchase price at the treasurer's sale and subsequent taxes paid by the holders of the tax sale certificate for the years 1922 to 1926, both inclusive, were items inserted in the claim of plaintiff. The claim was filed with the county clerk December 22, 1930, and disallowed by the county commissioners February 7, 1934. From the disallowance plaintiff appealed to the district court and to his petition filed therein the county of Dawes, defendant, interposed a general demurrer which was sustained. Plaintiff declined to plead further and stood on his petition. From a dismissal of the action, plaintiff appealed to the supreme court.

The question presented by the appeal is the sufficiency

of the petition to state facts constituting a cause of action against Dawes county, defendant, for plaintiff's claim.

The liability of a county for a refund of taxes paid by the purchaser of real estate at a county treasurer's sale for delinquent taxes, where the title fails, is statutory and does not exist at common law. *Speidel v. Scotts Bluff County*, 125 Neb. 431. A petition for such a refund is demurrable, if it does not state facts sufficient to show the statutory conditions which make the county liable. *Monteith v. Alpha High School District*, 125 Neb. 665. There are two sections of statute imposing upon a county the duty to hold the purchaser of real estate at a tax sale harmless by refunding the amount of the payment made by him to the county treasurer, where the title fails. The statutory provisions follow:

"When by mistake or wrongful act of the treasurer or other officer land has been sold on which no tax was due at the time or whenever land is sold in consequence of error in describing such land in the tax receipt, the county is to hold the purchaser harmless by paying him the amount of principal, interest and costs to which he would have been entitled had the land been rightfully sold, and the treasurer or other officer shall be liable to the county therefor upon his official bond; or the purchaser or his assignee may recover directly of the treasurer or other officer in an action on his official bond." Comp. St. 1929, sec. 77-2030.

"Whenever, for any reason, real estate has been sold or shall hereafter be sold for the payment of any tax or special assessment levied by any county, municipality, drainage district, or other political subdivision of the state, and it shall thereafter be determined by a court of competent jurisdiction that said sale was void, it shall be the duty of said county, municipality, drainage district, or other political subdivision of the state which levied the tax or special assessment to hold said purchaser harmless by paying him the amount of principal paid by him at the sale with interest thereon at the rate of 6 per cent. per

annum. from the date of sale." Comp. St. 1929, sec. 77-2054.

The petition for a refund in the present instance does not contain specific allegations of fact showing that the county treasurer or any other officer by mistake or wrongful act sold the land on which no tax was due at the time or that the land was sold in consequence of error in describing it in the tax receipt, a mere conclusion by the pleader not being sufficient. It follows, therefore, that the petition is not sufficient to show, when attacked by demurrer, that plaintiff is entitled to relief under the section first quoted. Comp. St. 1929, sec. 77-2030. Does the demurrer admit alleged facts showing that plaintiff is entitled to a refund under the other section of the statute quoted? Comp. St. 1929, sec. 77-2054. In connection with the allegation that the tax sale certificate for the 320 acres of land was issued November 6, 1922, the petition contains the following plea:

"Action was brought in the district court for Dawes county, Nebraska, to foreclose said tax sale certificate and on hearing it was found by the court that the Whitney Irrigation District of Whitney, in said county, intervened and claimed that 302/320 of the real estate above described was exempt from taxation for the reason that it had been condemned and title acquired by said irrigation district; that a decree was rendered October 27, 1930, whereby the court found that there was due the plaintiff the sum of $304.61 with interest thereon at 15 per cent. per annum from October 27, 1930, by reason of the wrongful act of the county assessor and county treasurer, whereby the court canceled and annulled said taxes and found that said land was not subject to assessment or taxation."

The decree in the former action to foreclose the tax sale certificate is attached to the petition herein and adjudges that the taxes for the years 1920, 1921 and 1922 were liens on the entire tract of 320 acres; that subsequent taxes paid by the holder of the tax sale certificate for the years 1923 to 1926, both inclusive, were valid liens on

18/320 of the land and invalid as to 302/320 thereof. The former decree, being pleaded herein in the petition as part of plaintiff's cause of action, prevails over allegations which the decree contradicts, if any. *Carey v. Zabel,* 112 Neb. 16; *Shafer v. Wilsonville Elevator Co.,* 121 Neb. 280. From the standpoint of the demurrer and of invulnerable pleading, therefore, the petition does not show that the taxes which plaintiff seeks to recover back were all void or that his tax sale certificate was invalid. The demurrer assails the petition herein on the ground it shows on its face that the action is barred by the statute of limitations. The law has been stated as follows:

"As between a taxpayer and a school district or county, from which a recovery is sought, the statute of limitations begins to run from the time of the payment of the tax, and it is not postponed until the illegality of the tax has been judicially decided." *Monteith v. Alpha High School District,* 125 Neb. 665.

"The time within which a private holder of a tax sale certificate, other than a minor or an incompetent, may commence an action to foreclose such certificate is determined by section 6097, Comp. St. 1922 (Comp. St. 1929, sec. 77-2049), and such an action must be brought within five years from the date of the tax sale certificate." *Gibson v. Peterson,* 118 Neb. 218.

"The tax purchaser, who has neither demanded a deed within five years from the date of the sale, nor commenced proceedings to foreclose the tax certificate within the period of limitation for such actions, is not entitled to have the county refund the purchase money by reason of the invalidity of the tax sale." *Fuller v. County of Colfax,* 33 Neb. 716.

The tax sale certificate was based on delinquent taxes for the years 1920 and 1921 and was dated November 6, 1922. As to the county, the statute of limitations began to run against the claim for a refund of those taxes November 6, 1922—the date of the tax sale certificate. The claim for a refund was filed in the office of the county

clerk December 22, 1930, more than eight years after the claim arose. While the former action to foreclose the tax sale certificate was commenced prior to November 1, 1927, as shown by the petition herein, the county of Dawes was not a party thereto. Its first opportunity to plead the statute of limitations to defeat plaintiff's claim for a refund arose after the present action had long been barred. Neither the payment of taxes levied after the tax sale certificate was issued nor the foreclosure action prevented the running of the statute of limitations as to the county. The claim and the action for a refund of the taxes involved in the tax sale certificate being barred by the statute of limitations, plaintiff is not entitled to recover back the taxes which he subsequently paid. In view of the statutes and decisions cited, the barring of the action is shown on the face of the petition. The demurrer, therefore, was properly sustained.

AFFIRMED.