D. P. WETZEL, APPELLANT, V. DAWES COUNTY ET AL., APPELLEES.

FILED OCTOBER 11, 1935. NO. 29333.

*R. J. Shurtleff* and *G. T. H. Babcock,* for appellant.

*R. R. Wellington, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

Rose, J.

Plaintiff presented to the county of Dawes a claim for a refund of $95.20 paid to the county treasurer for delinquent taxes, interest and costs. The taxes had been levied against a tract of land which the county treasurer sold to plaintiff, the holder of the tax sale certificate. In an action by him in the district court for Dawes county to foreclose the certificate, it was decreed that the land was not subject to the taxes for which it had been sold. Plaintiff presented his claim for a refund to the county commissioners for allowance and, from an order rejecting it, he appealed to the district court. To the petition filed therein by plaintiff, Dawes county, defendant, interposed a general demurrer which was sustained and the action dismissed. From the judgment of dismissal, plaintiff appealed to the supreme court.

On appeal, plaintiff takes the position that his petition states facts sufficient to constitute a cause of action against the county for the refund demanded, and defendant contends, among other grounds of demurrer, that the action is barred by the statute of limitations as shown on the face of the petition.

The petition and the decree of foreclosure attached to it show the following facts: The land was sold for taxes assessed prior to November 1, 1926. That was the date on which the tax sale certificate was issued. The decree of foreclosure was rendered October 20, 1932. The claim for a refund was filed with the county clerk October 26, 1932, and rejected February 7, 1934. The county, defendant herein, was not a party to the foreclosure suit. More than five years, therefore, elapsed between the date of the tax sale certificate, November 1, 1926, and the date on which plaintiff presented his claim to the county, October 26, 1932. It is thus shown on the face of the petition that, under rulings in *Gibson v. Dawes County, ante,* p. 706, the action for the refund was barred by the statute of limitations when plaintiff presented his claim to the county and when the decree of foreclosure was rendered in the

suit to which the county was not a party. In this view of the facts and the law, the demurrer was properly sustained.

AFFIRMED.