HOWARD KENNEDY, TRUSTEE, APPELLANT, v. DAWES COUNTY ET AL., APPELLEES.

FILED JANUARY 15, 1936. No. 29294.

*Dysart & Dysart* and *G. T. H. Babcock,* for appellant.

*R. R. Wellington, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and MUNDAY, District Judge.

PAINE, J.

This is an appeal from the ruling of the district court in sustaining a general demurrer to the petition of the plaintiff and appellant and dismissing the petition.

The action was brought as an appeal from the disallowance of a claim by the board of county commissioners of Dawes county. The claim rejected was for the refund of a portion of money paid to the county treasurer for the purchase of certain tax sale certificates duly issued by the county treasurer, and covering various tracts of land in Dawes county, Nebraska.

Tax certificate No. 10518 described the southeast quarter of section 3-32-51 and other lands, and tax certificate No. 10517 included the southeast quarter of section 35-33-51 and other lands, in Dawes county. All other described lands set out in said certificates having been redeemed, foreclosure was commenced in the district court for said county on above described lands by Peters Trust Company, a corporation, trustee, the owner and holder of said certificates, such foreclosure being started just a few days before the five years expired. Issues were duly raised by, and joined with, the owners and occupants of the above described land. It is to be noted, however, that Dawes county, the defendant and appellee herein, was not made a party to such foreclosure action, and that the Whitney Irrigation District, of Whitney, Dawes county, Nebraska, was the intervener and claimant, who secured the setting aside of certain lands from said tax sale certificates, upon the claim that the land had been condemned and title acquired by the irrigation district, and, although this fact was not alleged in the petition, a part of each tract was exempt from taxation by reason of being a reservoir site for storage of water for irrigation purposes. After hearing thereon, the court found that 145 of the 160 acres covered by certificate No. 10517, and 25 of the 40 acres covered by

certificate No. 10518, were therefore exempt from taxation, except only 15 acres in each tract, and that the balance of the tax was illegally assessed against the same and void, and canceled said tax on said exempt portions in the sum of $389.82.

A duly verified claim, with a copy of the decree of the district court attached, was thereupon filed with the county commissioners of Dawes county for a refund of the amount of taxes so found and decreed to be void by the court, in the sum of $389.82. Said claim was disallowed by the county commissioners, and an appeal was thereupon taken to the district court for Dawes county from said disallowance, and, the petition on appeal being duly filed, a general demurrer was filed to said petition, and was sustained by the district court, and the action dismissed.

Section 77-2030, Comp. St. 1929, provides, in brief, that if land has been sold for taxes by the wrongful act of the treasurer, or other officer, by error in describing land upon which no tax was due, the county shall hold the purchaser harmless by paying him the amount of the principal, interest, and costs; and section 77-2054 is another statutory provision relating to the same matter, and providing that the county need only pay 6 per cent. interest in making such refund.

Several actions to recover taxes from a county for illegal taxes assessed and paid have recently been before our court. In *Haarmann Vinegar & Pickle Co. v. Douglas County*, 122 Neb. 643, 241 N. W. 117, it was held that an absolutely void tax, though paid voluntarily, may be recovered in an action brought for said purpose.

In limiting this statement, it was said in *Monteith v. Alpha High School District*, 125 Neb. 665, 251 N. W. 661, that such taxes can only be recovered by virtue of some statute permitting it; also, that the statute of limitations begins to run from the time of the payment of the tax. In *Dorland v. City of Humboldt*, 129 Neb. 477, 262 N. W. 22, it was held that, while the legislature could change statutes prescribing limitations to acts, yet it could not remove the

bar which had already become complete, even by a curative act.

Then our court, in the case of *Gibson v. Dawes County*, 129 Neb. 706, 262 N. W. 671, held that an action by the holder of a tax sale certificate for a refund of illegal taxes, and subsequent taxes paid thereon, is barred by the statute of limitations, unless presented in some form to the county for allowance within five years from the date of the sale.

From an examination of section 77-2030, Comp. St. 1929, and these recent decisions of our court, it is clear that statutes of limitation relative to tax refunds are to be strictly construed.

The appellant cites us to *Fuller v. County of Colfax,* 33 Neb. 716, 50 N. W. 1044; *Farm Investment Co. v. Scotts Bluff County,* 125 Neb. 582, 251 N. W. 115, and *Wilson v. Butler County,* 26 Neb. 676, 42 N. W. 891, and insists that the reasoning in these cases is more persuasive than in our later cases. We are unable to agree with this contention, and must hold that this case is clearly supported by the later cases discussed above, as well as by the case of *Wetzel v. Dawes County,* 129 Neb. 711, 262 N. W. 674.

In the case at bar, the public tax sale certificate was issued on November 3, 1923, to the Peters Trust Company, and subsequent delinquent taxes were also paid thereon. The claim was filed January 21, 1931, and disallowed by the board of county commissioners on February 7, 1934, and the petition on appeal against Dawes county was filed in the district court on March 3, 1934.

The action for such refund was clearly barred in five years from the date of the tax sale certificate, and the ruling of the district court, in sustaining the demurrer to the petition, was right, and it is

AFFIRMED.