MARY B. McDONALD, APPELLEE, V. MASONIC TEMPLE CRAFT OF NORTH PLATTE, TRUSTEE, ET AL., APPELLANTS: COUNTY OF LINCOLN ET AL., APPELLEES.

280 N. W. 275

FILED JUNE 17, 1938.  No. 29987.

*Hoagland, Carr & Hoagland,* for appellants.

*Beeler, Crosby & Baskins* and *Robert B. Crosby,* for appellee McDonald.

*R. H. Beatty* and *S. S. Diedrichs,* for appellees County of Lincoln *et al.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

This is a suit to foreclose a tax lien against the real estate of the Masonic Temple Craft of North Platte. The trial court decreed a foreclosure and upon appeal to this court an opinion was adopted generally affirming the judgment. *McDonald v. Masonic Temple Craft,* 133 Neb. 589, 276 N. W. 176. On a motion for rehearing another argu-

ment was requested by the court, and the appeal was reconsidered after briefs and comprehensive rearguments of the parties.

The situation set out more comprehensively in former opinions of this court is briefly that the Temple Craft for the Masonic bodies owned this property prior to 1929, and while it was occupied by a two-story building, the first floor was used for commercial purposes and the second floor for lodge purposes. In 1929 the first floor was vacated, except for a small shoe shining parlor, and about March of said year the building was razed and the present new four-story building was completed in December, 1929. In 1929 taxes were levied and assessed upon the property, and, not being paid, the property was advertised and sold for delinquent taxes on November 3, 1930, to Mary B. McDonald. Subsequent taxes were paid by her for the years 1930, 1931, 1932, 1933, and the first half of 1934.

As stated in our previous opinion in this case, the first action taken by the Masonic Temple Craft was in August, 1930, when it applied to the board of equalization to have the property exempted from taxation. The county board had adjourned *sine die* as a board of equalization, but later, September 20, denied the application. An appeal was taken to the district court which was dismissed for want of jurisdiction. The facts were in dispute as to whether the county board was sitting as a board of equalization, but the decree of dismissal became final because no appeal was ever taken. However, this protracted litigation really had its inception in this court when the appellant joined with the Independent Order of Odd Fellows and the Benevolent and Protective Order of Elks in an appeal from the board of equalization for Lincoln county in an effort to have that part of their respective buildings which was used for lodge purposes exclusively exempted from taxation. That case, *North Platte Lodge, B. P. O. E., v. Board of Equalization,* 125 Neb. 841, 252 N. W. 313, was reversed because of an improper attempt to try the case on a stipulation of facts. The case was retried, and on appeal we held that 35 per

cent. of the building and 50 per cent. of the lot were used for other than lodge purposes, and subject to assessment on that basis. *Masonic Temple Craft v. Board of Equalization,* 129 Neb. 293; 261 N. W. 569. Subsequently we modified our opinion and held that the real estate on which the building stood should be assessed on the same proportion as the building, to wit, 35 per cent. *Masonic Temple Craft v. Board of Equalization,* 129 Neb. 827, 263 N. W. 150. The district court thereupon entered a decree in part as follows: "The court further finds that the assessments for taxation made by the board of equalization of Lincoln county, Nebraska, for the year 1931 were for said entire property as one entity, including that part of said property which was exempt from taxation, and that said assessments were illegal; that said county board failed to exempt from taxation that part of said property which was exempt from taxation and failed to make an assessment for taxation purposes on that part which was subject to taxation, and that said board of equalization of Lincoln county, Nebraska, the defendant herein, *should be required to set aside its assessments and levies made upon said property for the year 1931.*" (Italics ours.) The court thereafter in said decree set aside the assessment of the property and the levy of the tax. *This decree was not appealed from.* This decree was entered by the district court pursuant to a mandate of this court. The claim of plaintiff is based in part upon the subsequent taxes paid for 1931, 1932, 1933, and the first half of 1934. It is hard to determine from the record whether the taxes for 1932 to 1934, inclusive, were definitely set aside as held by the court. There was objection made to the board of equalization, and the court held the extent to which said property was taxable. The claim of the appellee is based at least in part on taxes assessed and levied for 1931 which were set aside by the decree of the district court.

While not passing upon the question definitely because not directly before us, probably the appellee's only remedy is provided by section 77-2054, Comp. St. 1929, as follows:

"Whenever, for any reason, real estate has been sold or shall hereafter be sold for the payment of any tax * * * levied by any county * * * and it shall thereafter be determined by a court of competent jurisdiction that said sale was void, it shall be the duty of said county * * * to hold said purchaser harmless by paying him the amount of the principal paid by him at the sale with interest thereon at the rate of 6 per cent. per annum from the date of sale." This remedy is likely applicable to the other items included in the appellee's claim for which she seeks to foreclose a lien. It is not necessary for us to determine whether the decree was right or wrong, since it became the law of this case. Even if it could be successfully contended that this did not apply to the taxes for 1932 to 1934, inclusive, they are void for the reasons hereafter set out relative to the taxes for 1929 for which the county treasurer issued a certificate of sale, and for the taxes subsequently paid for 1930.

In order that confusion may be prevented, the claim of Mary B. McDonald is based upon a tax sale certificate for the 1929 taxes, and the subsequent taxes paid by her thereafter for the years 1930, 1931, 1932, 1933, and the first half of 1934. In its answer the Masonic Temple Craft denies that any of these taxes for the year 1929 were legally assessed and levied against the premises. It contends that all the property was exempt from taxation, and that the major portion of it was exempt during the years 1930 to 1934, inclusive. It also insists that the district court for Lincoln county, upon appeal from the board of equalization, has directed the taxes for 1931 to 1934, inclusive, to be set aside for these years. There never has been an assessment levied upon the property not exempt as it has been commingled with the exempt part.

This court was formerly of the opinion that this case involved a matter of overvaluation, and that complaint must first be made to the board of equalization. The court, however, after an oral reargument, is now of the opinion that our previous holdings do not permit of this view. There are previous decisions of this court that entertain the view that

a portion of the property is exempt from taxation because it is used for charitable and educational purposes. Even the assessments for the years that have not been set aside by a final order of the district court are not valid in the light of our statutes and adjudicated cases.

Section 77-2115, Comp. St. 1929, provides: "No state, county or city general tax shall be declared void, in whole or in part, except upon a showing that the property in controversy was exempt from taxation, or that the levy was for an illegal or unauthorized purpose." Under this statute any state, county, or city general tax is void upon any property exempt from taxation.

In the instant case the taxes were assessed and levied upon property absolutely exempt under the statute. The board of equalization did not assess and levy taxes exclusively upon property that was not exempt. The total tax was assessed and levied upon the whole property, a portion of which was exempt from such taxation.

Pursuant to the provisions of section 2, art. VIII of the Constitution, our legislature enacted section 77-202, Comp. St. 1929, which provided: "The following property shall be exempt from taxes: * * * property owned and used exclusively for educational, religious, charitable or cemetery purposes, when such property is not owned or used for financial gain or profit to either the owner or user." The taxes herein involved were assessed and levied upon the property of the appellant by the officials of Lincoln county for general state, county and city purposes. Certain of this property has been held to be exempt from taxation. The part that is exempt is the part used exclusively for lodge purposes, which is the upper two floors, and 65 per cent. of the lot. *Masonic Temple Craft v. Board of Equalization,* 129 Neb. 293, 261 N. W. 569, as modified later on rehearing, 129 Neb. 827, 263 N. W. 150. Since it has already been determined that a portion of the building and a part of the lot are exempt under the statute, we must therefore assume in this case that the major portion of the property is not subject to taxation.

In *East Lincoln Lodge No. 210, A. F. & A. M., v. City of Lincoln,* 131 Neb. 379, 268 N. W. 91, this court, in holding a tax upon exempt property to be absolutely void, said: "If the facts alleged in the petition are true,—and for the purposes of this proceeding we must accept them as true,— plaintiff's property was absolutely exempt from taxation for the years in which the taxes were levied. Any tax levied against exempt property is one levied for an unauthorized purpose. Moreover, the city council was without power to levy a tax upon exempt property. It could no more do so than it could levy a tax upon property without the corporate limits of the city. The petition states facts sufficient to warrant the granting of injunctive relief." It was held in that case: "A tax levied upon property that is exempt from taxation is one levied for an unauthorized purpose, within the meaning of section 77-2115, Comp. St. 1929, and the collection of the tax may be enjoined." Applied to this case, the tax against exempt property is for an unauthorized purpose and absolutely void.

In this case the court has held as heretofore delineated that the top two floors and a portion of the lot upon which the building stands are exempt from taxation. This tax was levied on the property as a whole. This court has frequently held that such a tax was void. The rule applicable may be stated that, where a tax is levied upon property as a whole, and a part is exempt under the Constitution and the statutes, the assessment, if inseparable, is unauthorized and the whole tax is void. In an early case in this state it was held: "The levying of a tax is not a judicial act and the court cannot impose, as a condition of relief against a void tax, the payment of such tax as would be lawful, *where new proceedings and a different basis of assessment are necessary to ascertain what tax is lawful.*" (Italics ours.) *Hutchinson v. City of Omaha,* 52 Neb. 345, 72 N. W. 218. This rule is supported by the case of *East Lincoln Lodge No. 210, A. F. & A. M., v. City of Lincoln,* 131 Neb. 379, 268 N. W. 91.

An analogous situation is where a tract of land is owned

by two persons and is assessed as a whole. Neither party can determine the amount of the taxes due upon the specific tract. This court held in *Spiech v. Tierney,* 56 Neb. 514, 76 N. W. 1090: "Where land owned by one person is assessed with the land of another, under one aggregate valuation, so that neither owner can determine the amount for which his property is liable, the entire tax is void."

In this case there are two separate entities in so far as taxation is concerned. The Temple Craft owns the first two floors of the building which are rented and used for commercial purposes. These are taxable together with a portion of the lot. It owns the top two floors which are used exclusively for lodge purposes, and are exempt, together with a portion of the lot. This is not, as we at first thought, a matter of overvaluation, but an attempt to tax exempt property. This, we have held, is an unauthorized tax, and void. It is contended by the appellee that the Masonic Temple Craft did not complain before the board of equalization until after the tax for 1929 and 1930 had been assessed and levied. Since this was a void tax, it was not necessary. In *Sioux City Bridge Co. v. Dakota County,* 61 Neb. 75, 84 N. W. 607, this court said: "There is no obligation imposed upon a property owner to appear before the taxing body and complain should it attempt to *assess as a whole property,* part of which is within and part without the territorial limits of the municipality, and that such tax, *being void in part,* because of want of jurisdiction, which jurisdiction it was the duty of the officials to know, *the whole of such assessment is void, unless* the amount of tax assessed against that portion within its jurisdiction can be readily separated from the portion without." (Italics ours.) In *Miller v. City of Lincoln,* 94 Neb. 577, 143 N. W. 921, the rule is expressed in the following language: "Plaintiff being the owner of land known as 'irregular tract 29,' which was crossed by a boulevard of the city, sold and conveyed to the city that part thereof lying on one side of the boulevard. The part sold to the city was thereupon designated as 'lot 78' and plaintiff's tract as 'lot 77.' Taxes were afterwards

assessed against both tracts, jointly described in the assessment as 'lot 29.' The evidence is not definite and exact as to the acreage of either tract, nor as to the relative value thereof. *Held,* that, as it is impossible to ascertain the equitable proportion of the tax chargeable against plaintiff's tract, the assessment is void, and the plaintiff was not required to tender any portion of the tax before bringing his action to cancel the same." See, also, *State v. Several Parcels of Land,* 78 Neb. 703, 111 N. W. 601, which case arose because the city of Plattsmouth levied a tax upon property that was not within the corporate limits. The opinion held: "Such tax is one levied for an 'unauthorized purpose,' within the meaning of section 15 of the scavenger act * * * and may be adjudged void in a proceeding brought under the act." In *East Lincoln Lodge No. 210, A. F. & A. M., v. City of Lincoln, supra,* it is also said: "Moreover, the city council was without power to levy a tax upon exempt property. It could no more do so than it could levy a tax on property without the corporate limits of the city." Consequently, the contention of the appellee that a tender was necessary to avoid the tax is requesting us to require an impossible act in order for the appellant to maintain its rights. Under the Constitution, statutes and adjudicated cases, a tax on exempt property is absolutely void because for an unauthorized purpose, and when the void assessment is so interwoven with an assessment on other property the whole becomes void.

There is an argument in the appellee's brief that the property was not exempt in 1929. Certainly under the evidence at least a portion of it was exempt. The same is true of the tax levied for the year 1930. In order that no confusion arise, the taxes for 1931, 1932, 1933, and the first half of 1934, have been definitely set aside and vacated by a final court order. They are also void because levied upon an aggregate valuation of exempt and nonexempt property. The 1929 tax sale certificate and the subsequent taxes for 1930 are void because partially assessed and levied upon exempt property. There cannot be a valid claim based upon

a void tax. Since there is no claim, it is unnecessary for us to discuss the matter of interest. There can be no interest where the taxes are invalid. A void tax is no tax, and collection cannot be enforced, and a purchaser of such a tax is not entitled to the foreclosure of any lien. In fact, he has nothing except his statutory right to get his money back. This has not been sought in this case and is not presented to the court.

Other problems discussed in the briefs are not before us for solution and are definitely not passed upon. While the main divergence between our present view and that formerly held by us is that the tax was attempted to be levied upon exempt property and previously it was held by us that it was an overvaluation of the property necessary to be first considered by the board of equalization. To avoid confusion the former opinion in *McDonald v. Masonic Temple Craft,* 133 Neb. 589, 276 N. W. 176, is hereby vacated and set aside in its entirety and the case is hereby disposed of on the motion for rehearing. In accordance with this opinion, the judgment is reversed and the cause remanded, with directions to dismiss.

REVERSED.